# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

OSITA ABOLOMA,

                Plaintiff,

     v.

RAJAN VEMBU, JOHN IFEDIORA,
JEFF WAGNER, and U.S. FOODS &
PHARMACEUTICALS, LLC,

                Defendants.

ORDER

19-cv-418-jdp

Plaintiff Osita Aboloma says that he was the victim of a fraudulent investment scheme run by defendants. Dkt. 1. Aboloma asserts various state-law claims and invokes this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. But the allegations in his complaint are insufficient to determine whether the court can exercise diversity jurisdiction, so the court will direct Aboloma to file an amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802–03.

Aboloma relies solely on diversity under 28 U.S.C. § 1332 as a basis for jurisdiction. Aboloma has sufficiently alleged that there is more than $75,000 in controversy, and that he is a citizen of Nigeria, but he has not alleged facts that would allow the court to determine the citizenships of any of the defendants.

Aboloma says that Rajan Vembu, John Ifediora, and Jeff Wagner are all Wisconsin citizens because they resided in Wisconsin when the events at issue occurred. But residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Furthermore, jurisdiction is based on citizenship at the time of filing. *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). Aboloma needs to allege defendants' current citizenships, not their citizenships at the time that they defrauded him.

Aboloma says that defendant U.S. Foods & Pharmaceuticals, LLC, is a Michigan limited liability company with its principal office in Michigan and a local office in Madison, Wisconsin. These facts are insufficient to determine U.S. Foods's citizenship. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). And if any of those members are themselves limited liability companies, partnerships, or other similar entities, then the citizenship of those members and partners must be alleged as well. See *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam).

The court will give Aboloma a short time to file and serve an amended complaint containing allegations sufficient to establish complete diversity of citizenship. If Aboloma cannot establish with certainty the citizenship of any defendant, he can at this point allege jurisdictional facts on information and belief based on reasonably diligent research. If he fails

to file and serve an amended complaint that addresses these jurisdictional issues, the court will dismiss the case without prejudice for lack of jurisdiction.

## ORDER

IT IS ORDERED that plaintiff Osita Aboloma may have until June 13, 2019, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship.

Entered May 30, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge