IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OSITA ABOLOMA,

                              Plaintiff,

  v.                                                OPINION and ORDER

U.S. FOODS & PHARMACEUTICALS, LLC,
RAJAN VEMBU, JOHN IFEDIORA,                          19-cv-418-jdp
and JEFF WAGNER,

                              Defendants.

---

This case arises out of an unsuccessful effort to obtain a United States visa under a program for immigrant investors. Plaintiff Osita Aboloma alleges that defendants conspired to defraud him of a $550,000 investment connected to his visa application, in violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and state common law for fraud, negligence, and breach of contract.

Three motions are before the court, all filed by defendant Jeff Wagner, a lawyer who is representing himself: (1) a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim, or, in the alternative, to transfer the case to Michigan, Dkt. 38; (2) a motion to dismiss for failure to join a required party, Dkt. 40; and (3) a motion in which Wagner contends that the case should be dismissed for alleged misconduct by Aboloma's lawyer, Dkt. 44. For the reasons discussed below, the court will deny all of these motions.

BACKGROUND

The following allegations are taken from Aboloma's amended complaint and documents cited in the complaint.

Aboloma is a citizen of Nigeria. In 2014, he was seeking permanent resident status in the United States through what is called the "EB-5 Program." *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6. This program offers visas for immigrants who invest in new commercial enterprises that create at least ten new jobs. *Doe v. McAleenan*, 929 F.3d 478, 480 (7th Cir. 2019). One method of participating in the program is investing money in an entity that has been designated a "regional center" by the United States Citizenship and Immigration Services (USCIS). "Regional centers are essentially clearinghouses for eligible investment opportunities." *Id.*

Aboloma relied on his lawyer, defendant John Ifediora, to find an appropriate investment opportunity. Ifediora made contact with defendant Jeff Wagner, who was the executive director of a regional center in Detroit, Michigan. Wagner falsely represented to Ifediora that Wagner's regional center "had a good track record, a diversified investment portfolio and good management and investment strategies." Dkt. 33, ¶ 30. Ifediora repeated the misrepresentations to Aboloma.

Ifediora convinced Aboloma to use Wagner's regional center to invest in defendant U.S. Food and Pharmaceuticals, LLC ("the LLC"). Although that company lists Michigan as its principal place of business, it is owned by U.S. Food and Pharmaceuticals, *Inc.* ("the corporation"), a company based in Madison, Wisconsin. Defendant Rajan Vembu, who lives in Madison, is the LLC's president and manager. Vembu also "control[s]" the corporation. Dkt. 33, ¶ 42.

The corporation had hired Wagner "to explore and develop the possibility" of expanding its business by participating in the EB-5 program. Dkt. 39, at 9. The LLC was seeking investment "to manufacture, sell, deliver and promote a bone health supplement owned by" the corporation. *Id.*, ¶ 7.

The LLC never conducted any business in Michigan. Rather, Vembu created the LLC for the sole purpose of defrauding investors.

Relying on Ifediora and Wagner's misrepresentations, Aboloma invested $550,000 in the LLC in November 2014. That money was deposited into an account in Madison, Wisconsin. Aboloma was the only investor in the company, but Aboloma didn't know that at the time.

In December 2014, Aboloma filed his visa application.

In 2016, while Aboloma's visa application was pending, the regional center lost its designation from the USCIS as an EB-5 program because it had not created any jobs. None of the defendants informed Aboloma of this.

In 2018, the USCIS denied Aboloma's visa application, for multiple reasons, including: (1) the application was tied to Wagner's regional center, which the USCIS no longer recognized; (2) the LLC's business plan was not "comprehensive or credible." Dkt. 27-6, at 6–7. Aboloma asked Ifediora to return his investment, but Vembu said that he could not because the money had been "deployed." Dkt. 33, ¶ 61.

ANALYSIS

A. Personal jurisdiction

Wagner contends that the court cannot exercise jurisdiction over him because he is a citizen of Michigan and does not have contacts with Wisconsin that are related to this case. Dkt. 39, at 4.[1] Aboloma contends that Wagner does have sufficient contacts with Wisconsin because he was involved in a fraudulent conspiracy centered in Wisconsin, among other reasons. But both sides are applying the wrong test.

In a case arising under federal law such as this one, a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant. *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010); Fed. R. Civ. P. 4(k). In this case, Aboloma is raising a claim under the Securities Exchange Act of 1934, which authorizes *nationwide* service of process. *See* 15 U.S.C.A. § 78aa; *Fitzsimmons v. Barton*, 589 F.2d 330, 332 (7th Cir. 1979). And when a federal statute authorizes nationwide service, the only question for determining personal jurisdiction is whether the defendant has minimum contacts with the United States; contacts with the forum state are not required. *See Lisak v. Mercantile Bancorp, Inc.,* 834 F.2d 668, 671 (7th Cir. 1987) ("[T]he Securities Exchange Act of 1934 . . . creates personal jurisdiction over anyone within the United States [and] is consistent with the Due Process Clause of the fifth amendment.").

---

[1] Wagner also includes a sentence in the "background" section of his opening brief that he "has not been properly served with the amended complaint." Dkt. 39, at 3. But Aboloma submitted proof of service, which shows that Wagner was personally served on June 17, 2019. *See* Dkt. 16. Wagner doesn't identify any defects with service, so Wagner has forfeited that objection. *See Relational, LLC v. Hodges,* 627 F.3d 668, 672 (7th Cir. 2010) ("Defenses based on a lack of personal jurisdiction, such as legally defective service, may be waived.").

Because Wagner is domiciled in Michigan, he has sufficient contacts with the United States. *Fitzsimmon*, 589 F.2d at 333 ("[T]here can be no question but that the defendant, a resident citizen of the United States, has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States court."). And because the Securities Exchange Act authorizes jurisdiction over Wagner, the court may also exercise jurisdiction over Aboloma's state-law claim against Wagner. *Robinson Eng'g Co. Pension Plan & Tr. v. George*, 223 F.3d 445, 449 (7th Cir. 2000) ("[T]he same logic that lies behind the supplemental jurisdiction statute for purposes of subject matter jurisdiction, 28 U.S.C. § 1367, supports the application of supplemental personal jurisdiction over claims that are properly before the court under § 1367.").

The court will deny Aboloma's motion to dismiss for lack of personal jurisdiction.

**B. Venue**

Wagner also contends that venue is improper under 28 U.S.C. § 1391(b). But the Securities Exchange Act has its own venue provision, 15 U.S.C. § 78aa, which trumps the general venue statute. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 n.2 (2013) ("Section 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply."); *Santore v. Swaminathan*, No. 17 CV 5742, 2018 WL 1124414, at *6 (N.D. Ill. Mar. 1, 2018) (applying § 78aa rather than § 1391(b) to case brought under Securities Exchange Act). Under § 78aa, the plaintiff may file the lawsuit in any district "wherein the defendant is found or is an inhabitant or transacts business." And when there are multiple defendants, venue is proper in any district where any of the defendants are located. *See Sec. Inv'r Prot. Corp. v. Vigman,* 764 F.2d 1309, 1317 (9th Cir. 1985); *Weese v. Savicorp, Inc.*, No. 13-cv-41, 2013 WL 6007499, at *5 (N.D.W. Va. Nov. 13, 2013); *Catholic Order of Foresters*

*v. U.S. Bancorp Piper Jaffray, Inc.*, 337 F. Supp. 2d 1148, 1156 (N.D. Iowa 2004). Because defendant Vembu lives in this district and he is alleged to have committed acts in furtherance of the conspiracy in this district, venue is proper under § 78aa.

**C. Convenience of the parties**

As an alternative to dismissal, Wagner seeks to transfer the case to the Eastern District of Michigan under 28 U.S.C. § 1404(b), which requires the court to consider both the convenience of the parties and the interests of justice. Wagner has the burden to show that it would be "clearly more convenient" to litigate the case in Michigan. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220 (7th Cir. 1986).

Wagner has not met that burden. His argument rests entirely on his own convenience, but he is only one of four defendants. None of the others joined his motion or otherwise objected to venue, which suggests that they are content to litigate the case in Wisconsin. Defendant Vembu resides in Wisconsin and defendant Ifediora lived in Wisconsin during the events relevant to this case. (Ifediora now lives in Washington, D.C.). Although defendant U.S. Foods & Pharmaceuticals, LLC identifies Dearborn, Michigan as its principal office, its sole member is a company based in Madison, Wisconsin.

Aboloma alleges that events relevant to this case occurred in Wisconsin, including the solicitation of Aboloma's investment and the later deposit of that investment. Dkt. 33, ¶¶ 30, 38. Wagner doesn't identify any material events that occurred in Michigan, and he doesn't identify any documents or third-party witnesses that are in Michigan. *See Research Automation, Inc. v. Schrader Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) ("With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, . . .

each party's access to and distance from resources in each forum[,] . . . the location of material events and the relative ease of access to sources of proof.").

Because Wagner lives in Michigan, transfer would be more convenient for *him*. But that's not enough. *See id.* ("Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer."). And Wagner's assertion that it is too difficult for him to litigate this case from another state is undermined by the vigorous defense that he has presented thus far.

Wagner also hasn't shown that the interests of justice favor a transfer. Relevant factors include docket congestion, likely speed to trial, familiarity with the relevant law, and each forum's relationship to the lawsuit. *Id.* Wagner doesn't discuss docket congestion or speed to trial, but Aboloma filed this case in May 2019. Dispositive motions are due in April 2020. *See* Dkt. 31. Because this case is already well underway in this district, transferring the case now would not be an efficient use of judicial resources.

As for familiarity with the law, Wagner says that the parties "agree[d] that the laws of Michigan would govern any [d]ispute." Dkt. 39, at 6. But Wagner doesn't cite any evidence for that statement. In any event, a choice-of-law provision could not govern a federal claim, and it would "not be construed to govern tort as well as contract disputes unless it is clear that this is what the parties intended." *Cerabio LLC v. Wright Med. Tech., Inc.*, 410 F.3d 981, 987 (7th Cir. 2005). The court is not persuaded that transfer is required because of a possibility that Michigan law may apply to some of Aboloma's claims. *See Atl. Marine Const.*, 571 U.S. at 67 ("[F]ederal judges routinely apply the law of a State other than the State in which they sit.").

As for the forum's relationship to the lawsuit, both districts have a connection. Both Wagner's regional center and the company that Aboloma was supposed to invest in were located in Michigan. But Aboloma alleges that the investment was actually diverted to this district and that the Michigan company was simply the alter ego of Vembu, who lives in Madison.

The bottom line is that there are factors that would support bringing the case in either Wisconsin or Michigan. Under those circumstances, Aboloma's choice of forum is entitled to deference. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."). Wagner's motion to transfer will be denied.

**D. Other requests for dismissal**

The remaining issues that Wagner raises do not required extended discussion. First, Wagner contends that Aboloma hasn't adequately pleaded a claim for unjust enrichment or for compensatory damages. These contentions fail because Aboloma's second amended complaint doesn't include a claim for unjust enrichment and because Aboloma alleges that he lost $550,000 in part because of Wagner's actions. So the court will deny Wagner's motion to dismiss for failure to state a claim.

Second, Wagner contends that the complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(7) because Aboloma failed to join a required party. Specifically, Wagner says that Aboloma should have joined Ebere Ekechukwu, Aboloma's immigration attorney. The court understands Wagner's theory to be that Ekechukwu is a required party because he helped Aboloma with his visa petition, so Ekechukwu is to blame for the denial of that petition.

8

A party is "required" under Federal Rule of Civil Procedure 19 if: (1) the court cannot grant complete relief without that party; or (2) the party "claims an interest relating to the subject of the action and that interest will either be endangered by going forward in her absence or else will threaten to whipsaw an existing party with inconsistent obligations." *J.P. Morgan Chase Bank, N.A. v. McDonald*, 760 F.3d 646, 653 (7th Cir. 2014). Rule 19 does not require joinder of Ekechukwu because Aboloma is not suing Wagner and the other defendants for the denial of his visa application. Rather, he is suing defendants for the loss of his investment. Because there is no allegation that Ekechukwu was involved in the investment at issue in this case, he has no legal interest in it, and the other parties aren't prejudiced by his absence. The court will deny Aboloma's motion to dismiss under Rule 12(b)(7).

Third, Wagner contends that the case should be dismissed because Aboloma's attorney is continuing to litigate this case despite his knowledge that Aboloma "has been credibly accused of laundering and embezzling money from the government of Nigeria." Dkt. 44, at 8. But Wagner has adduced no admissible evidence supporting his allegation, and he doesn't explain how any alleged misconduct by Aboloma in Nigeria is relevant to any claim or defense raised in this case. The court will deny this motion as well.

ORDER

IT IS ORDERED that all of defendant Jeff Wagner's motions, Dkt. 38, Dkt. 40, and Dkt. 44, are DENIED.

Entered February 25, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge