IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

OSITA ABOLOMA,

                Plaintiff,

v.

U.S. FOODS & PHARMACEUTICALS, LLC,
RAJAN VEMBU, JOHN IFEDIORA,
and JEFF WAGNER,

                Defendants.

OPINION and ORDER

19-cv-418-jdp

---

Plaintiff Osita Aboloma was hoping to obtain a U.S. visa under the EB-5 program for immigrant investors. *See* 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6. He alleges that he invested $500,000 with defendant U.S. Foods & Pharmaceuticals, LLC, but that company wasn't engaging in any legitimate business, so Aboloma's visa application was denied, and then U.S. Foods refused to refund his money. He asserts claims for violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and state common law for fraud, negligence, and breach of contract.

Aboloma moves for summary judgment, but only on counterclaims asserted by defendants John Ifediora and Jeff Wagner. Dkt. 50. Ifediora was Aboloma's lawyer in 2014 when Aboloma was searching for an investment opportunity. Wagner was the director of a "regional center" that was involved in the EB-5 program. Regional centers are designated by the United States Citizenship and Immigration Services (USCIS) and are "essentially clearinghouses for eligible investment opportunities." *Doe v. McAleenan*, 929 F.3d 478, 480 (7th Cir. 2019). Aboloma says that it was Ifediora who connected him to Wagner's regional center and then to U.S. Foods, which was involved with the regional center. And

Aboloma alleges that both Ifediora and Wagner were involved in the conspiracy to defraud him and that both received some of the money that was supposed to be used for Aboloma's investment. Both Ifediora and Wagner are representing themselves in this case.

Defendants' counterclaims do not require extended discussion. As an initial matter, Ifediora didn't include any counterclaims in his most recent answer, *see* Dkt. 37, suggesting that he dismissed any counterclaims he previously asserted. *See Wellness Community–Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) (it is "well established that the amended pleading supersedes the original pleading"). But even if the court considers the counterclaims that Ifediora filed before, *see* Dkt. 29, none provide a basis for granting Ifediora relief.

Ifediora asserted three counterclaims against Aboloma: (1) "Major fraud against the United States 18 U.S.C. §1031 (a)(1)"; (2) "Violations of Money Laundering Statutes 18 U.S.C. §1956, 1957, 1960"; and (3) "Break-in, theft of documents, and harassment by armed individuals." But none of these state valid causes of action.

The first two counts are federal criminal statutes that Ifediora doesn't have standing to prosecute. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). The third count relates to an alleged break-in of Ifediora's office in Nigeria in 2017. But Ifediora neither cites any evidence that Aboloma was involved in the break-in nor identifies a legal basis for suing Aboloma in federal court for events in Nigeria.

In his brief, Ifediora says that the titles of his counterclaims are misleading and that he is actually asserting counterclaims for "public defamation of character," "exposure of risk of prosecution for submitting fraudulent documents," "exposure to risk of prosecution for money

laundering," and "endangerment of personal safety." Aboloma didn't plead any of those things in his answer, but even if he had, they wouldn't provide a basis for relief.

Ifediora says that Aboloma defamed him by accusing him of fraud in this lawsuit. Ifediora doesn't conduct a choice of law analysis in his brief, which means that the court applies Wisconsin law. *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 283 (7th Cir. 2002) ("[T]here's no discussion of choice of law issues, and so we apply the law of the forum state."). And under Wisconsin law, a party can't be sued for statements made in the context of judicial proceedings so long as the statements are relevant to the claims, *Converters Equip. Corp. v. Condes Corp.*, 80 Wis. 2d 257, 265, 258 N.W.2d 712, 716 (1977), as Ifediora concedes they are.

Ifediora's two asserted counterclaims for "exposure to a risk of prosecution" are based on allegations that Aboloma used him to break the law while he was Aboloma's lawyer. But Ifediora cites no legal basis for such a claim, and the court is not aware of one. And Ifediora's asserted counterclaim for "endangerment of personal safety" is just a restatement of his allegation that Aboloma broke into his Nigeria office. Again, Ifediora doesn't support that allegation, and he doesn't identify a legal basis for holding Aboloma liable in a United States federal court. So the court will grant Aboloma's motion for summary judgment on Ifediora's counterclaims.

The court will deny as moot Aboloma's motion for summary judgment on Wagner's counterclaims. The reason is simple: Wagner didn't file any counterclaims. Although he filed a document that he called "Answer to amended complaint, counterclaim" on the docket, Dkt. 21, that document was superseded after Wagner filed an amended answer," Dkt. 36. In any event, neither document includes counterclaims in the body of the document.

Much of defendants' opposition briefs are devoted to issues other than counterclaims. Specifically, Ifediora, Wagner, or both assert the following allegations and contentions: (1) regardless of defendants' conduct, Wagner's visa application would have been denied because he didn't follow all of the rules for the EB-5 program; (2) Aboloma has committed various acts of misconduct in Nigeria; (3) Aboloma's lawyer has behaved unethically by maintaining this lawsuit and by engaging in settlement negotiations in bad faith; (4) Aboloma's claim for fraud isn't supported; and (5) the money Aboloma used for his $500,000 investment was illegally obtained.

Defendants' first allegation—that Aboloma's visa application would have been denied regardless what defendants did—is bedside the point. Aboloma's claims aren't based on the denial of his visa application; they are based on the loss of his investment. So it simply doesn't matter whether his application would have been denied for other reasons.

The same is true for defendants' allegations about misconduct in Nigeria. Defendants don't explain how that conduct has any bearing on the claims in this case. As for allegations against Aboloma's lawyer, defendants haven't cited any evidence that he acted unethically and they don't explain how any ethical violations are relevant to a claim or defense in this case.

As for defendants' remaining contentions and allegations, if defendants believe that Aboloma's claims aren't supported by evidence or that Aboloma can't enforce his claims under the doctrine of in pari delicto, *see Harborview Office Ctr., LLC v. Nash*, 2011 WI App 109, ¶ 6, 336 Wis. 2d 161, 167, 804 N.W.2d 829, 831, then defendants should have filed their own motions for summary judgment, supported by proposed findings of fact. But neither defendant did that.

4

Wagner did file his own summary judgment motion, which the court denied because it was untimely. *See* Dkt. 59 and Dkt. 61. But even if the court had considered the merits of Wagner's motion, Wagner wouldn't have been entitled to summary judgment. His motion wasn't supported by proposed findings of fact, as required by the court's procedures. And his 29-page brief was devoted to allegations that Aboloma and his lawyer had engaged in various acts of misconduct. Wagner didn't discuss the elements of any of Aboloma's claims or of Wagner's defenses, and he didn't explain why any of the alleged misconduct would entitle him to dismissal of any of the claims against him.

That being said, it is unusual for a case to proceed to trial in this court without either side moving for summary judgment on the merits. At this point, Aboloma hasn't provided any evidence to support his own claims.

To clarify the issues for trial, the parties will be required to submit trial briefs. Specifically, Aboloma should list the elements of each of his claims—citing relevant legal authority—and identify the evidence that he intends to support each element of each claim against each defendant. Aboloma may not group defendants together as he did in his complaint. He must explain separately how he will prove his claims against a specific defendant. Aboloma should also describe the specific evidence he intends to support each element of a claim.

As for defendants, including U.S. Foods and Vembu, they should clearly identify the affirmative defenses they intend to assert, explaining the evidentiary basis for each and citing legal authority for each defense. Aboloma may also address the affirmative defenses if he wishes, and defendants may address Aboloma's claims.

If either side fails to comply with this order or fails to adequately explain the basis for a claim or defense, the court will consider whether it is appropriate to dismiss that claim or defense before trial.

ORDER

IT IS ORDERED that:

1. Plaintiff Osita Aboloma's motion for summary judgment, Dkt. 50, is GRANTED as to John Ifediora's counterclaims and DENIED as moot as to Jeff Wagner's counterclaims.

2. The parties may have until August 27, 2020, to file the trial briefs as described in this opinion.

Entered August 13, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge